UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JOHN C. DUKE,**

      **Plaintiff,**

v.                                                                                          Case No. **2:25cv219**

**CHARTER COMMUNICATIONS, LLC,** *et al.*,

      **Defendants.**

<u>**OPINION AND ORDER**</u>

This action involves negligence claims brought by Plaintiff John C. Duke ("Plaintiff") after a truck traveling in front of Plaintiff struck telecommunications cables, which then hit Plaintiff's vehicle and caused him to veer off the roadway and sustain injuries. Pending before the Court is Defendant Spectrum Southeast, LLC's ("Spectrum") Motion for Summary Judgment and accompanying memorandum in support. ECF Nos. 26, 27. Plaintiff filed a memorandum in opposition. ECF No. 30. Spectrum filed a reply. ECF No. 34. The parties consented to jurisdiction before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. ECF No. 20. The Court makes this ruling without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the reasons set forth below, Spectrum's Motion for Summary Judgment, ECF No. 26, is **GRANTED**.

**I. PROCEDURAL BACKGROUND**

Plaintiff originally filed this action in the Circuit Court for the City of Suffolk alleging one count of negligence and one count of negligence per se on March 13, 2025. ECF No. 1, attach. 1. Plaintiff named Charter Communications, LLC ("Charter") and John Doe as Defendants in the

action. *Id.* at 3. On April 14, 2025, Charter removed the action to federal court based on diversity jurisdiction. ECF No. 1. Plaintiff filed an Amended Complaint on May 14, 2025, adding Spectrum as a Defendant. ECF No. 11. The Amended Complaint also alleged that at the time of the accident, Plaintiff was insured by Nationwide General Insurance Company ("Nationwide"), and he resided with his mother-in-law, who was insured by Progressive Gulf Insurance Company ("Progressive"). *Id.* at 4.

Progressive (standing in the shoes of John Doe) and Charter filed Motions for Summary Judgment. ECF Nos. 28, 32. Subsequently, Plaintiff filed a Stipulation of Dismissal as to both Charter and Progressive, as well as Nationwide.[1] ECF Nos. 35, 36, 38. As a result, Spectrum is the only Defendant remaining in this action.

As to Spectrum, Count I of the Amended Complaint alleges negligence, and that Spectrum breached a duty owed to Plaintiff when it failed to "[c]omply with all applicable laws and ordinances governing the ownership, use, control, and maintenance of overhead wires." ECF No. 11 at 5. Count II of the Amended Complaint alleges negligence per se, and that Spectrum breached a duty owed to Plaintiff "to keep overhead wires at least eighteen feet above the roadway" as set forth in Section 56-466 of the Code of Virginia. *Id.* at 6.

Spectrum filed a Motion for Summary Judgment and an accompanying memorandum in support on December 19, 2025. ECF Nos. 26, 27. Therein, Spectrum argues that it is entitled to summary judgment because Plaintiff does not have sufficient evidence to establish causation or notice. ECF No. 27 at 1–2. Plaintiff filed a memorandum in opposition, arguing that there are genuine disputes of fact as to both issues. ECF No. 30 at 3–6. Spectrum filed a reply arguing that Plaintiff's arguments are speculative or improper and still fail to create a genuine issue of material

---

[1] Spectrum advised Plaintiff that Charter was not responsible for the line and, accordingly, Spectrum would be an appropriate defendant in this case. ECF No. 27 at 1 n.1.

2

fact. ECF No. 34 at 2–13. Accordingly, the Motion for Summary Judgment is fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if the Court views the record as a whole and in the light most favorable to the nonmoving party and determines that there is no genuine dispute "as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56. "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party'" and "[a] fact is material if it 'might affect the outcome of the suit under governing law.'" *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (internal citations omitted). At the summary judgment phase, the Court does not "weigh the evidence and determine the truth of the matter," but instead "determine[s] whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The moving party has the initial burden to show the "absence of an essential element of the nonmoving party's case and that it is entitled to judgment as a matter of law." *McLean v. Patten Cmtys., Inc.*, 332 F.3d 714, 718 (4th Cir. 2003). The burden then shifts to the nonmoving party to present specific facts demonstrating that there is genuine issue for trial. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Such facts are considered in the light most favorable to the nonmoving party and all "justifiable inferences" are drawn in his favor. *Anderson*, 477 U.S. at 255. To successfully defeat a motion for summary judgment, the nonmoving party must rely on more than "[c]onclusory or speculative allegations" concerning a material fact. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Rather,

3

there must be sufficient evidence that would enable a reasonable factfinder to return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 251–52.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

The Court has fashioned its undisputed material facts from those facts put forth by Spectrum, which Plaintiff did not dispute.[2] *See* ECF No. 30. Accordingly, the Court resolves the Motion for Summary Judgment pursuant to the following undisputed material facts:

*The Accident*

Plaintiff was driving his vehicle northbound on Carolina Road in Suffolk, Virginia on May 12, 2023. Statement of Undisputed Material Facts, ECF No. 27 ¶ 1. At the same time, John Doe was driving a large truck ("the John Doe Vehicle") southbound on Carolina Road. *Id.* ¶¶ 3, 4. The John Doe Vehicle pulled down certain telecom cables that stretched across Carolina Road. *Id.* ¶ 3. There is no evidence about how the telecom cables were situated immediately before they were impacted by the John Doe Vehicle. *Id.* ¶ 20. When Plaintiff observed the John Doe Vehicle, it had already made contact with the telecom cables. *Id.* ¶ 8. Plaintiff observed the telecom cables split in the middle of the cables, not near the ends of the cables where they were attached to the poles. *Id.* ¶ 9. Plaintiff attempted to avoid the telecom cables falling onto the roadway by driving his vehicle off the road to his right. *Id.* ¶ 10. Two telecom cables struck Plaintiff's vehicle within milliseconds and/or instantaneously with each other. *Id.* ¶ 11. Plaintiff does not know which telecom cable struck which portion of his vehicle. *Id.* ¶ 13. Plaintiff could not determine which telecom cable connected to which pole. *Id.* ¶ 14. Aside from Plaintiff, no other persons witnessed

---

[2] Plaintiff did not identify any material facts in dispute as required by Eastern District of Virginia Local Civil Rule 56(B). That rule requires a nonmoving party to include a "specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." E.D. Va. Loc. Civ. R. 56(B). Accordingly, the Court "assume[s] that facts identified by [Spectrum] in its listing of material facts are admitted," as Plaintiff did not controvert any facts in his opposition. *Id.*

4

the accident. *Id.* ¶ 15. The John Doe Vehicle did not stop at the accident scene. *Id.* ¶ 6. John Doe has not been identified. *Id.*

*The John Doe Vehicle & Telecom Cables*

The height and other dimensions of the John Doe Vehicle are unknown. *Id.* ¶ 4. Plaintiff does not know the year, make, or model of the John Doe Vehicle. *Id.* ¶ 5. He does not know whether the truck had any modifications, the inspection or maintenance history, whether it had any mechanical problems, or anything about the load the truck was carrying. *Id.* There is no photograph or video of the John Doe Vehicle. *Id.* There is no expert to testify about the height of the John Doe Vehicle. *Id.* ¶ 23.

There were at least two telecom cables involved in the accident. *Id.* ¶ 16. Spectrum was responsible for one of the telecom lines, but not the remaining cables. *Id.* ¶¶ 17, 35. It is not known what companies or entities are responsible for the remaining telecom cable or cables. *Id.* ¶ 19. None of the telecom cables were power lines. *Id.* ¶ 17. Plaintiff does not know which of the telecom cables was the Spectrum line. *Id.* ¶ 22. There is no expert to testify about the height of the telecom cables. *Id.* ¶ 23.

*Prior to the Accident*

Tractor-trailers and box trucks frequently travel along Carolina Road, where the accident occurred. *Id.* ¶ 26. About thirty to forty minutes prior to the accident, Plaintiff drove southbound along Carolina Road to visit his sister. *Id.* ¶ 24. During his drive, he did not observe any low-hanging cables. *Id.* ¶ 25. He testified that he would have seen trucks or tractor trailers travel that stretch of road less than one hour before the accident. *Id.* ¶ 27. But he did not observe any other trucks or tractor-trailers hit telecom cables on Carolina Road prior to the accident. *Id.* ¶ 28.

Spectrum did not receive any communication that the Spectrum line was low prior to the accident. *Id.* ¶ 32. Three days after the accident, on May 15, 2023, a Spectrum customer living on Carolina Road reported that he had lost service for the previous three days. *Id.* ¶ 33. A Spectrum field technician repaired the Spectrum line on May 17, 2023. *Id.* ¶ 34.

## IV. DISCUSSION

At the outset, the Court notes that Virginia law applies to this case. When jurisdiction is based upon diversity of citizenship, federal courts apply the choice-of-law rules of the state in which they sit. *Van Duzer Lang v. Patients Out of Time*, 689 F. Supp. 3d 259, 270 (W.D. Va. 2023). Virginia courts apply the substantive law of the "place of the wrong." *Jones v. R. S. Jones & Assocs.*, 246 Va. 3, 4 (Va. 1993). Here, the Court has diversity jurisdiction and the accident occurred in Virginia. Accordingly, Virginia law applies.

To establish a claim for negligence under Virginia law, a plaintiff must demonstrate "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003). Proximate cause is established when there is an "act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred." *Blue Ridge Serv. Corp. of Virginia v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (Va. 2006) (citation omitted). It is the plaintiff's burden to "present evidence of preponderant weight from which a jury can find that the defendant's negligence was a proximate cause of the accident." *Jordan v. Jordan*, 257 S.E.2d 761, 762 (Va. 1979). Negligence cannot be presumed simply because an accident occurred. *Sneed v. Sneed*, 244 S.E.2d 754, 755 (Va. 1978).

On summary judgment, "[t]he evidence tending to show causal connection must be sufficient to take the question out of the realm of mere conjecture, or speculation, and into the

6

realm of legitimate inference, before a question of fact for submission to the jury has been made out." *See Blue Ridge Serv. Corp.*, 624 S.E.2d at 62; *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 451 (4th Cir. 2004) ("[I]f the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover."). "Proof of possibility that a fact exists" is insufficient "to take the issue out of the sphere of pure conjecture and rank speculation into the realm of legitimate inference, sufficient for a jury to be permitted to consider the question." *Page v. Arnold*, 314 S.E.2d 57, 60 (Va. 1984) (citation and internal quotation omitted). A plaintiff is not required to eliminate other proximate causes of an injury, but "does need to provide legitimate reasons why the particular cause that he named was more than just one possibility among many." *Thomas v. Seaworld Parks & Ent. LLC*, No. 4:19cv2, 2019 WL 8333529, at *5 (E.D. Va. Dec. 19, 2019) (citing *Page*, 314 S.E.2d at 60).

To establish a claim of negligence per se under Virginia law, a plaintiff must demonstrate: (1) "the defendant violated a statute that was enacted for public safety"; (2) the plaintiff "belongs to a class of persons for whose benefit the statute was enacted, and that the harm that occurred was of the type against which the statute was designed to protect"; and (3) "the statutory violation was a proximate cause of his injury." *Benedict v. Hankook Tire Co.*, 286 F. Supp. 3d 785, 797 (E.D. Va. 2018) (citing *Halterman v. Radisson Hotel Corp.*, 523 S.E.2d 823 (Va. 2000)). "[A] plaintiff who has established breach by relying on negligence per se must also establish the other elements of a negligence claim," including "that the breach of duty was a proximate cause of the plaintiff's injury." *Talley v. Danek Med., Inc.*, 179 F.3d 154, 158 (4th Cir. 1999).

Spectrum argues two reasons why the Court should grant summary judgment on Plaintiff's claims. First, Spectrum argues that Plaintiff does not have proof to establish causation. ECF No. 27 at 7. Specifically, Spectrum argues that Plaintiff does not have evidence to show that a low-

hanging line caused the accident, or that it was the Spectrum line that was hanging low to cause or contribute to the accident. *Id.* In opposition, Plaintiff argues that there is a genuine dispute of material fact as to the height of the truck and the Spectrum cable. ECF No. 30 at 3–5. Spectrum contends that any dispute about the height of the truck or the Spectrum cable would be speculative and that Plaintiff did not dispute that another cable could have caused the accident. ECF No. 34 at 2–10.

Second, Spectrum argues that Plaintiff cannot establish when the alleged defect arose and has not met his burden to establish that Spectrum had actual or constructive notice of the allegedly low-hanging line. ECF No. 27 at 14–18. In response, Plaintiff argues that there is a genuine dispute of fact regarding whether Spectrum had constructive notice, given Spectrum's statutory duty to maintain its wires in a manner that does not obstruct public travel on roads beneath them. ECF No. 30 at 5–6. The Court addresses each argument in turn below.

### A. Causation

Plaintiff does not have sufficient proof to establish that any line was hanging low before the accident, let alone sufficient proof to establish it was the *Spectrum line* that was hanging line low before the accident. Plaintiff bases his allegation that a telecom line was low on the assumption that a line *must* have been low if a "basic truck" hit it. ECF No. 27 at 8 (citing ECF No. 27, attach. 1 at 24, Plaintiff Dep. 230:11–20). However, that assumption is problematic for two reasons. First, Plaintiff does not have sufficient evidence to establish the actual height of the truck. Plaintiff relies on his testimony that it was a "basic truck," and the assumption that it must have been lower than 13.6 feet because a standard truck and trailer cannot exceed that height in Virginia. *See id.* Plaintiff's reliance on the height of a "standard truck and trailer" in Virginia has

8

its own problems.[3] But second, even if the Court were to consider that as a fact and construe it in the light most favorable to Plaintiff, there is no evidence that any of the telecom lines were low. Plaintiff suggests that the Court (and ultimately, a jury) should assume that a line was low because the truck hit it. However, under well-established Virginia law, negligence cannot be assumed simply because an accident happened. *See Sneed*, 244 S.E.2d at 755. The accident is just as likely to have been caused by low-hanging cables as other possibilities, such as an over-height or modified truck, an object or weather striking the cable, or some other random occurrence.[4] Absent additional evidence, Plaintiff has not provided any reason why the particular cause he named was more than just one of several possibilities of the cause of the accident. Assuming that the accident was caused because a line was low is mere conjecture.

More problematically, Plaintiff does not have sufficient proof that the *Spectrum* line was low as opposed to the other one or two lines on the poles.[5] Plaintiff did not see the telecom lines before they were hit by the John Doe Vehicle. Plaintiff is the only witness to the accident, and he does not know how the accident happened. There is, accordingly, no evidence about which of the (at least two) telecom cables were low. It is just as likely that a different, unknown telecom cable was low, as opposed to the Spectrum cable. If the unknown cable was low but the Spectrum cable was at its appropriate height, then Spectrum's negligence was not the proximate cause of the

---

[3] Plaintiff assumes that a "basic truck" is one that does not exceed 13.6 feet as required in Virginia. ECF No. 30 at 3 (citing Va. Code. Ann. § 46.2-1110). But there is no evidence that this truck was registered in Virginia, other than the fact that it was in Virginia. Additionally, regardless of whether the truck was registered in Virginia, it is just as possible that this truck was exceeding the Virginia-mandated maximum height, or had an improper modification causing excess height.

[4] This is especially true considering Plaintiff's testimony that other trucks travel this route and likely would have done so on the day of the accident. If a line was low, Plaintiff offers no reason why *this* truck hit the low line as opposed to other trucks traveling the route around the same time.

[5] Spectrum argues that Plaintiff conceded this argument by failing to address it in his opposition. ECF No. 34 at 4–6. The Court addresses the merits of the argument regardless of any waiver by Plaintiff.

accident. Proof of possibility that the Spectrum line was low is not sufficient, and Plaintiff has not provided a legitimate reason why the Spectrum line being low was more than just one of several possibilities.

To be clear, Plaintiff is not required to eliminate other reasonable causes of the accident to reach a jury on its negligence claim. But, Plaintiff has the burden of producing sufficient evidence from which a jury could find that *Spectrum*'s cable was a proximate cause of the accident. There are multiple potential causes of this accident, some of which could have occurred without any negligence by Spectrum. Plaintiff's allegations that it was Spectrum's negligence that caused the accident are conclusory and speculative, and establish only that it is a possibility that Spectrum's line was low.

Ultimately, considering the facts in the light most favorable to Plaintiff and drawing all justifiable inferences in his favor, Plaintiff does not have sufficient evidence to establish that Spectrum's negligence caused the accident. Because both negligence and negligence per se require a showing of proximate cause, summary judgment is appropriate on both counts in the Amended Complaint.

*B. Notice*

With respect to Spectrum's argument that it lacked notice, it is not clear to the Court that Plaintiff is required to establish notice in this case as Plaintiff's claim does not appear to arise from premises liability.[6] Courts in this district have recognized the distinction between ordinary

---

[6] In support of their argument that Plaintiff cannot show that Spectrum had actual or constructive notice, Spectrum cites four cases. ECF No. 27 at 14. The first involves a municipality and stands for the proposition that a municipality must have actual or constructive notice of a defect that gave rise to an injury. *City of Richmond v. Holt*, 563 S.E.2d 690 (Va. 2002). The second and third cases involve premises liability actions for injuries at stores. *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649 (Va. 1990); *Grim v. Rahe, Inc.*, 434 S.E.2d 888 (Va. 1993). The fourth involves a claim under the Federal Employers' Liability Act, which apply different standards for negligence claims. *Norfolk & W. Ry. v. Hughes*, 439 S.E.2d 411, 413 (Va. 1994).

negligence and a negligence claim arising from premises liability. *Lotte Ins. Co. v. R.E. Smith Enters.*, 733 F. Supp. 3d 494, 515 (E.D. Va. 2024). In *Lotte*, the Court explained the distinction as follows:

> In an ordinary negligence claim, a plaintiff's theory of the duty owed by a defendant flows from a defendant's conduct . . . . By contrast, in a premises liability claim, liability emanates from the defendant's duty as an owner, possessor, or occupier of land. The duty owed by a defendant in a premises liability claim is thus separate and distinct from any duty that flows from conduct, and rather arises solely from defendant's ownership of land.

*Id.* (internal quotations and citations omitted). In an action alleging premises liability, the duties owed depend on whether the defendant owned or possessed the property where the alleged harm occurred. *See Sheppard v. CSX Transp., Inc.*, 78 F. App'x 878, 882 (4th Cir. 2003) (finding that the defendant did not owe a duty to the plaintiff under the doctrine of premises liability because it did not own the property where the harm occurred). Further, the duties owed depend on whether the Plaintiff is an invitee or a licensee. *See Sandor v. United States*, No. 4:24-CV-98, 2025 WL 2380961, at *6 (E.D. Va. Aug. 15, 2025) (defining an invitee as "one who enters pursuant to the express or implied invitation of the owner or occupier other than for a social purpose or for his own convenience," and a licensee as "one who enters for his own convenience or benefit with the knowledge and consent, express or implied, of the owner or occupier"). A duty based on premises liability requires "an injured invitee [to] show that the owner had knowledge, actual or constructive, that a defect existed and that such defect created an unsafe condition." *Zeigler v. NCC PS Enters., LLC et al.*, No. 1:19-cv-1226, 2020 WL 4810124, at *2 (E.D. Va. Aug. 18, 2020) (citing *Roll 'R' Way Rinks, Inc. v. Smith*, 237 S.E.2d 157, 161 (Va. 1977)); *see also Brown v. Wal-Mart Stores E., LP*, 139 F.4th 356, 363 (4th Cir. 2025) ("For one-off hazards in other premises-liability cases, the business needs actual or constructive notice of the precise hazardous object or substance that injured the customer.").

11

Here, Plaintiff's claims do not appear to be based on premises liability. Count I of the Amended Complaint alleges Spectrum had a duty to "[c]omply with all applicable laws and ordinances governing the ownership, use, control, and maintenance of overhead wires." ECF No. 11 at 5. Count II of the Amended Complaint alleges Spectrum had a statutory duty to "keep overhead wires at least eighteen feet above the roadway." *Id.* at 6. It does not appear that Spectrum is an owner, possessor, or occupier of the land, and Plaintiff is not an invitee or lessor of the land. Of course, that does not mean Spectrum owed no duties to Plaintiff. According to Plaintiff, Spectrum had a duty to comply with laws governing the maintenance of overhead wires generally, and a statutory duty to keep wires at least eighteen feet above the road.[7] But, because this action does not involve premises liability, it does not appear to the Court that notice was required. Nonetheless, because Spectrum raises the argument, the Court addresses it.

"In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a prima facie case of negligence." *Grim*, 434 S.E.2d at 890. If a plaintiff does not have evidence of actual notice, he may proffer evidence of constructive notice. *Id.* To establish that a defendant had constructive notice, "the condition must pose a foreseeable risk of danger for knowledge of that danger to be imputed to the owner of the premises." *Haliburton v. Food Lion, LLC*, No. CIV. A. 3:07cv622, 2008 WL 1809127, at *3 (E.D. Va. Apr. 21, 2008). "A plaintiff may prove constructive notice by introducing 'evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition.'" *Id.* (citing *Grim*, 434 S.E.2d at 890). The plaintiff must have evidence of when an unsafe condition developed to demonstrate a prima facie case. *Id.*; *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 451 (4th

---

[7] Spectrum agrees that "it owed a general duty to maintain its lines." ECF No. 30 at 11.

12

Cir. 2004) (affirming decision to grant summary judgment where plaintiff had no evidence to prove the condition existed sufficiently long for a jury to conclude the defendant had notice of it).

Here, Plaintiff does not have sufficient proof to establish Spectrum had actual or constructive notice of a low-hanging wire before the accident.[8] Plaintiff has no evidence about when the unsafe condition arose to establish a prima facie case. Instead, drawing all justifiable inferences in Plaintiff's favor, the unsafe condition arose some time between when he first drove by the telecom cables and when the accident happened. That is not sufficient to demonstrate that the defect was noticeable and had existed for a sufficient length of time to charge Spectrum with notice of its condition.

This is especially true where, as explained above, Plaintiff does not have evidence to establish that the *Spectrum* line was the one that was hanging low. Plaintiff argues that Spectrum did not produce evidence or documents that the wire was inspected for statutory compliance, and that is an issue for the trier of fact to determine at trial. ECF No. 30 at 6. Setting aside how the trier of fact would make that determination without evidence, Plaintiff would still need to establish that the low-hanging wire belonged to Spectrum. Plaintiff does not have evidence to make that showing. In sum, there is insufficient evidence to enable a reasonable factfinder to determine Spectrum had notice of the allegedly low-hanging cable.

## V. CONCLUSION

Because Plaintiff cannot establish causation, summary judgment is appropriate on Count I and Count II of the Amended Complaint. Moreover, assuming that notice is required in this action, summary judgment is also appropriate on that ground. Accordingly, Spectrum's Motion for

---

[8] Again, this assumes that a wire was hanging low at all, which, as the Court previously determined, is purely conjecture. *See supra* Section IV.A.

Summary Judgment, ECF No. 26, is **GRANTED**, and this civil action is **DISMISSED WITH PREJUDICE** in its entirety.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

                                                                                         /s/ Lawrence R. Leonard
                                                                                         Lawrence R. Leonard
                                                                                       United States Magistrate Judge

Norfolk, Virginia
January 30, 2026